

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00205-CR

_____

ORVIS WAYNE PORTER, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 1
Denton County, Texas
Trial Court No. CR-2023-04069-A

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Orvis Wayne Porter, proceeding pro se, attempts to appeal his conviction for resisting arrest. *See* Tex. Penal Code § 38.03. Pursuant to a plea agreement, Porter pleaded "nolo contend[e]re" to that offense in exchange for the State's recommending that his punishment be assessed at sixty days in jail. As part of the written plea agreement, Porter waived "all rights to appeal" and "[a]ll written motions on file," and he was admonished that if the trial court followed the plea agreement, he could not appeal his case without permission from the trial court.

In accordance with the parties' agreement, the trial court found Porter guilty and sentenced him to sixty days in jail. The trial court's "Certification of Defendant's Right of Appeal," which was signed by Porter, states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). The trial court also certified that Porter "has waived the right of appeal."

After we received a copy of Porter's notice of appeal, we notified him that we had received the trial court's certification stating that this is a plea-bargain case, that he has no right of appeal, and that he waived the right of appeal. We warned him that this appeal could be dismissed unless he filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. Porter filed a response, but it does not show grounds for continuing the appeal.[1]

---

[1]In his response, Porter argues that he received ineffective assistance of counsel, that his plea was involuntary, that the trial court failed to give him a mental-

Thus, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Koutsoufis*, 2025 WL 2264059, at *2; *Brown*, 2021 WL 3205065, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 23, 2026

---

health evaluation, that there was a Fourth Amendment violation, that there was an "out jurisdiction" violation, that there was illegally obtained evidence, and that there was an "actual innocent violation." This list of complaints, however, does not provide a valid basis for continuing the appeal. *See Koutsoufis v. State*, No. 02-25-00214-CR, 2025 WL 2264059, at *1 (Tex. App.—Fort Worth Aug. 7, 2025, no pet.) (mem. op., not designated for publication). Indeed, this case does not fit any of the recognized bases for appeal of a bargained-for sentence. *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2); *Brown v. State*, No. 02-21-00083-CR, 2021 WL 3205065, at *1 (Tex. App.—Fort Worth July 29, 2021, no pet.) (mem. op., not designated for publication).